UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| EDWARD P. BLACKCLOUD, | ) | CIV. 12-4168-JLV |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| DENNIS KAEMINGK, Secretary of Corrections, South Dakota Department of Corrections, in his official capacity; DOUG WEBER, Warden, South Dakota State Penitentiary, in his official capacity; BOB DOOLEY, Associate Warden, Mike Durfee State Prison, in his official capacity; JEFF NEILL, Case Manager, South Dakota State Penitentiary/Jameson Prison, in his individual and official capacities; LT. SOMMERS, Special Security, South Dakota State Penitentiary, in his individual and official capacities; SGT. CHRISTENSEN, (DHO) Sargent, Mike Durfee State Prison, in his individual and official capacities; SGT. WICKETT, (DHO) Sgt., Mike Durfee State Prison, in his individual and official capacities; LT. SESTAK, Officer in Charge, Mike Durfee State Prison, in his individual and official capacities; TAMMY DOYLE, Unit Manager, Mike Durfee State Prison, in her individual and official capacities; KIM LIPPENCOTT, Unit Case Worker, Mike Durfee State Prison, in her individual and official capacities; | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |

| | |
|---|---|
| TAMMY DEJONG, Unit Coordinator, Mike Durfee State Prison, in her individual and official capacities; KEITH TOMKINS, Staff Representative, Mike Durfee State Prison, in his individual and official capacities; RANDY STEVENS, Property Officer/Mailroom Officer, Mike Durfee State Prison, in his individual and official capacities, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

Plaintiff, Edward P. Blackcloud, appearing *pro se*, moves the court for appointment of counsel and an order directing the Department of Corrections to deposit addition funds into his inmate trust account. (Dockets 10, 16, 22).

There is no constitutional or statutory right to court-appointed counsel in a civil case. Phillips v. Jasper County Jail, 437 F.3d 791, 794 (8th Cir. 2006). Rather, the court in its discretion *may* appoint counsel to represent an indigent prisoner. Id. (citing 28 U.S.C. § 1915(e). "The relevant criteria for determining whether counsel should be appointed include the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." Id. Mr. Blackcloud appears capable of articulating and presenting his claims. Further, the case does not present particularly complex factual or legal issues, and the court is familiar with the applicable

2

legal standards.  The court finds appointment of counsel unnecessary in this case.

Mr. Blackcloud also requests an order directing the Department of Corrections to deposit additional funds into his prisoner trust account for purposes of sending legal mail.  (Docket 10).  Mr. Blackcloud asserts being given more than the $10 per month allowance for legal mail will permit him to "meet any and all court deadlines."  Id.

The Supreme Court requires states "to shoulder affirmative obligations to assure all prisoners meaningful access to the courts." Bounds v. Smith, 430 U.S. 817, 824 (1977).  "It is indisputable that indigent inmates must be provided at state expense with paper and pen to draft legal documents with notarial services to authenticate them, and with stamps to mail them."  Id.  However, inmates have no constitutional right to unlimited free postage.  See Smith v. Erickson, 884 F.2d 1108, 1111 (8th Cir. 1989); Chandler v. Coughlin, 763 F.2d 110, 114 (2d Cir. 1985); Hoppins v. Wallace, 751 F.2d 1161, 1162 (11th Cir. 1985).  Courts have held that a prison's reasonable limitation on postage expense for inmates furthers a substantial and legitimate penological interest; namely, managing limited prison resources.  Turner v. Safley, 482 U.S. 78, 89 (1987); Bell-Bey v. Williams, 87 F.3d 832, 836-38 (6th Cir. 1996); Smith, 884 F.2d at 1110.

Accordingly, it is hereby

ORDERED that Mr. Blackcloud's motions for appointment of counsel (Dockets 16 & 22) are denied.

IT IS FURTHER ORDERED that Mr. Blackcloud's motion for additional funds (Docket 10) is denied.

Dated January 16, 2013.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE